**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 19-20178-CR-ALTONAGA/TORRES

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DANE ROSEMAN and,
IVAN ACEVEDO,

      Defendants.

_____/

**ORDER**
**ON PLAINTIFF'S MOTION FOR RECONSIDERATION AND AMENDED**
**REPORT AND RECOMMENDATION**

This matter is before the Court on The United States of America's (the "Government") motion for reconsideration.  [D.E. 264].  Dane Roseman ("Roseman") and Ivan Acevedo ("Acevedo") (collectively, "Defendants") responded to the Government's motion on April 30, 2021 [D.E. 265] to which Defendants replied on May 7, 2021 [D.E. 266].  Therefore, the motion is now ripe for disposition.  After careful consideration of the motion, response, reply, and the record, the Government's motion is **GRANTED in part** for the reasons set forth below.   As a result, the Report and Recommendation we submitted on February 26, 2021 (the "R&R") that recommends granting Defendants' motion to change venue is **VACATED.**  This Order incorporates an Amended Report and Recommendation that recommends that

1

the [D.E. 245] motion to change venue should be **DENIED** based on the following

new evidence and analysis.[1]

### I.      BACKGROUND

On December 2020, Defendants moved to change venue from this District to

the Central District of California.   [D.E. 238].   On February 26, 2021, the Court

recommended granting the motion because the ten factors outlined in *Platt v.*

*Minnesota Mining & Mfg. Co.*, 376 U.S. 240 (1964) show that a trial in the Central

District of California would be materially more convenient for the parties.   [D.E.

257].   In sum, the R&R finds that five of the *Platt* factors favor transfer, one favors

not transferring, and the rest are neutral.

The Government filed Objections to the R&R on March 12, 2021 [D.E. 258] to

which Defendants responded on April 2, 2021.   [D.E. 261].   On April 7, 2021, the

Honorable Cecilia M. Altonaga denied without prejudice the Government's

Objections.   [D.E. 262].   Judge Altonaga did so because the Government objected to

the R&R' "in large part because of recent events concerning the whereabouts of

Defendant, Ivan Acevedo, that Judge Torres was not made aware of . . . . The

Government also supplies transcripts of deposition testimony never provided to

Judge Torres to show how Defendant, Dane Roseman, availed himself of South

Florida and committed many acts of fraud here which form the basis for the charged

---

[1]      The analysis of the *Platt* factors in the R&R are incorporated into this Amended Report and Recommendation except for the factors concerning the (1) location of defendant, (2) defendant's business, and (3) expense to the parties.

conduct." *Id.* Judge Altonaga therefore gave the Government the opportunity to seek reconsideration within ten days in light of the potential new evidence and argue its relevance to the *Platt* factor analysis. On April 16, 2021, the Government filed the motion for reconsideration. [D.E. 264].

## II.   APPLICABLE LEGAL PRINCIPLES

"Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1342 (S.D. Fla. 2007) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (internal quotation marks omitted)); *see also Smith v. Ocwen Financial*, 488 F. App'x 426, 428 (11th Cir. 2012) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact.")). Newly raised arguments that should have been raised in the first instance are not appropriate on a motion for reconsideration. *See Gougler v. Sirius Prods., Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005).

A motion for reconsideration should also not be used as a vehicle to reiterate arguments previously made because "[i]t is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through— rightly or wrongly." *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D.

99, 101 (E.D. Va. 1983) (internal formatting omitted)).   If a motion merely submits previously rejected arguments, those motions are generally denied.   *See Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, 687 F. Supp. 2d 1322, 1324 (S.D. Fla. 2009) (quoting *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1268 (N.D. Ala. 2006) (noting that "motions to reconsider are not a platform to relitigate arguments previously considered and rejected")).   "[However], [a] motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension."   *Z.K. Marine*, 808 F. Supp. at 1563 (internal formatting and citation omitted).

Generally speaking, motions for reconsideration are considered an "extraordinary remedy" and subject to a district court's substantial discretion. *See Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369-70 (S.D. Fla. 2002) (citing *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985)) ("District court decisions on motions for reconsideration are reviewed for abuse of discretion, thus affording the courts with substantial discretion in their rulings.").

4

### III.      ANALYSIS

#### A.      *New Evidence*

The "new" evidence the Government ask us to consider is that (1) Acevedo was arrested in California shortly before the R&R was submitted and he now resides under custody at the Federal Detention Center in Miami, Florida for violating his bond and (2) transcripts that show that Roseman traveled to this District during the time the alleged fraud occurred.   If this evidence is considered, the Government argues that the factors in *Platt* show that the motion to transfer should be denied.

Before we determine if this is "new" evidence and if it then justifies changing our recommendations in the R&R, the Government also asserts that we improperly analyzed the *Platt* factors regarding the location of possible witnesses, disruption of Defendants' businesses, expense to the parties, location of counsel, and other special elements based on evidence and arguments already presented to us or ones that could have been brought by the Government.[2]   In essence, the Government seeks to relitigate every part of the R&R that did not go its way.   This we cannot do.   *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) ("A motion for reconsideration cannot be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'").   Indeed, the Government does not suggest that there has been intervening changes in the

---

[2]      The Government tries to characterize additional details about the Government's expenses and the history of this case as new facts, but they are clearly not.   This is the Government just trying to relitigate the R&R.

controlling law nor the need to correct clear error or prevent manifest injustice.[3]   We

thus only consider if the two proposed "new" pieces of evidence should be considered

and if so, whether they tip the scales in favor of keeping this trial in this District.

We start with determining whether the evidence that Acevedo was arrested and his

continued presence at FDC Miami is new.

Acevedo was arrested at his mother's residence in Los Angeles, California for

several reasons on January 16, 2021.   He resisted arrest and his family told officers

that he was armed and dangerous.   Acevedo possessed a handgun with ammunition,

was intoxicated, threatened harm to others, and destroyed his mother's property.

The Government filed its response in opposition to Defendants' motion to transfer on

January 21, 2021 with no mention of the arrest.   A few days later, the Central

District of California determined that Acevedo violated the terms of his pretrial

release and ordered that he be detained until trial, and that determination was

entered on the docket of this action on February 2, 2021.[4]   [D.E. 254].   The

---

[3]   Though we agree with the parties that the R&R mistakenly mentioned that it gave special weight to the *Platt* factor regarding the location of events.   With that said, the R&R clearly outlined why the motion to transfer was granted based on all the *Platt* factors regardless of this non-dispositive mistake.

[4]   This is not the first time Acevedo violated bond.   In 2020, the Court issued two no-bond arrest warrants for Acevedo for post-indictment misconduct.   The first two warrants issued by Judge Altonaga were for Acevedo's inability to refrain from using illegal drugs.   In October 2020, based on his bond violations and the warrant, Acevedo was arrested.   He then remained in custody at FDC Miami while he awaited trial.   On December 14, 2020, Acevedo had his bond reinstated but was given a warning that if he violated his pretrial release terms again, his bond would likely not be reinstated.

Government focused on Acevedo's arrest, plus the fact that he would now be at FDC Miami for the first time in its Objections to the R&R on March 12, 2021.   On April 11, 2021, Acevedo made his initial appearance in this District and is currently housed at FDC Miami until trial.

According to Defendants, Acevedo's arrest is not "new" evidence that can be considered by the Court as it occurred before the Government filed its response to the motion to transfer.   In reply, the Government contends it did not know about the arrest until a few days after it filed its response, so its first opportunity to address the arrest was not until it filed its Objections to the R&R.   We have no reason to believe that the Government did not know about the arrest until after it submitted its response.   Clearly, if it had this extremely beneficial information to its position, the Government would have used it.   And even if the Government knew about the arrest prior to filing its response, that is not the relevant fact to be considered under a *Platt* analysis.   It is Acevedo's current location.   And it appears that the official determination that Acevedo would be moved from California to FDC Miami did not occur until after the Government filed its response.   We therefore find this to be "newly-discovered evidence" that merits reconsideration.   *See Arthur*, 500 F.3d at 1343.

Next, the Government requests that we consider evidentiary examples of Roseman's many trips to South Florida that were made allegedly in connection to the fraudulent scheme.   This evidence, in the form of SEC testimony transcripts,

however, existed at the time the Government filed its response to the motion to transfer. The Government simply failed to provide it. While this specific evidence may affect our *Platt* analysis, the Government has no right to a second bite of the apple on information it purposefully withheld from the Court.

Now that we have determined that Acevedo being located at FDC Miami is new evidence, we evaluate if this evidence changes our conclusion in the R&R. Specifically, we reconsider how this new evidence affects the analysis of the *Platt* factors concerning the (1) location of the defendant, (2) disruption to the defendant's business, and (3) expense to the parties.[5]

### B.    *Location of Defendants*

"A criminal defendant has no right to be tried in the place of his domicile . . . and [a] defendant's concerns about the expense and inconvenience of being tried away from home aref ordinarily of little relevance to a motion for a change of venue." *United States v. Bagnell*, 679 F.2d 826, 832 (11th Cir. 1982) (citation omitted); *see also United States v. Holland*, 2017 WL 1062537, at *10 (S.D. Fla. Mar. 21, 2017), *on reconsideration*, 2017 WL 1433265 (S.D. Fla. Apr. 24, 2017) ("[R]esidence is 'only a minor consideration' because a defendant's residence, although a factor to be

---

[5]    The Government also argues how Acevedo being at FDC Miami affects the analysis of the *Platt* factor of where counsel is located. The location of Acevedo has no impact on this analysis, however. We already considered that Acevedo's counsel is located in this District, and that analysis does not change with Acevedo now at FDC Miami. This factor still favors keeping the case in this District.

consider, 'is not the controlling factor.'") (quoting *United States v. Quinn*, 401 F. Supp. 2d 80, 86 (D.D.C. 2005)).

Acevedo is under custody at FDC Miami until trial. Roseman lives in the Central District of California and has done so for a long time.   Roseman lives with his mother in Tarzana, California and serves as her sole primary caregiver as she receives treatment for stage IV lung cancer.   Roseman's situation of assisting his mother carries a little bit of extra weight with the Court as she has no other family in the area.   *See United States v. Weaver*, 2013 WL 12438331, at \*8-12 (S.D. Fla. Feb. 22, 2013) (transferring case where multiple defendants lived in the transferee district and noting that two of them had childcare responsibilities).   We originally found that this minor factor favored transfer, but with Acevedo now at FDC Miami, this factor now barely favors transfer as Roseman is still taking care of his mother in the Central District of California.

### C.    *Disruption of Roseman's Business*

"Disruption of defendants' businesses is one of the 'less decisive issues' in conducting a *Platt*-factor analysis.  *Id.* (citing *United States* v. *Burke*, 607 F. Supp. 2d 1314, 1323 (M.D. Fla. 2009)); *see also United States v. Dimaria*, 2018 WL 1173094, at \*7 (S.D. Fla. March 6, 2018) (noting that any criminal trial would disrupt a defendant's work regardless of the location of the trial).   Because Roseman works nights and weekends for a catering and event planning company in the Los Angeles area, the Court finds that this factor barely weighs in favor of transfer.   We

9

originally found that this minor factor slightly favored transfer, but Acevedo can no longer help his family's business in the Los Angeles area while in custody, so it carries even less weight.

### D.   *Expense to Parties*

Defendants expect to call 68 witnesses that live in the Central District of California, compared to only 13 in this District. While it is doubtful this many witnesses from California would be called by Defendants at trial, Defendants could incur significant expenses for calling more California witnesses if the case was not transferred.   The expenses include airfare, lodging, and at least three days of per diem expenses for each additional California witnesses because it will take each witness one day to travel from California to Florida, one day to testify, and one day to travel back to California.   In addition, the parties expect a seven-week trial. Roseman could thus live at home during the trial if it was in Los Angeles instead of paying for lodging in Miami for approximately 50 days.   Regardless of where the trial is at, Acevedo will likely be in custody so his lodging expense will be the same wherever the trial is.

Roseman's counsel reside in this District.   The expenses related to housing a team of lawyers in the Los Angeles area and paying the fees for local counsel could possibly negate any expenses saved on witness travel and Roseman staying home. We originally found that Defendants should have a minor net savings in expenses if the case was transferred because Acevedo was also located in the Los Angeles area

and could save a lot of expense by staying at home during the trial.   With Acevedo

now at FDC Miami, Defendants should not save anything if the case is transferred.

For the Government, it has not articulated if it plans to call more witnesses

from this District or the Central District of California, so we cannot determine its

expenses related to witness travel. Yet, the Government could reduce its expenses

on witnesses if the case was transferred because there are more possible witnesses

in California.   Acevedo is represented by this District's Public Defenders office, so

the Government would bear the expense of housing his current attorneys in Los

Angeles or the administrative costs of getting a new team of public defenders up to

speed on the case.[6]   The Government would also incur expenses if the case was

transferred because the case is being run by Assistant United States Attorneys

located in this District.   We originally found this factor to be neutral, but with

Acevedo now at FDC Miami, we find that the factor favors keeping the case in this

District as the savings for him not paying to live in Miami for approximately 50 days

is no longer applicable.

In total, Acevedo residing at FDC Miami swings the balance of three *Platt*

factors in favor of keeping the case in this District.   Now, two minor factors barely

weigh in favor of transfer (Roseman living and taking care of his mother in Tarzana

---

[6]      We note that the Government plans, as of now, to have the two local Assistant
Federal Public Defenders try the case in the Central District of California if the case
is transferred.

and disruption to Roseman's work), two factors favor transfer (more witnesses in California and the primary events of the scheme occurred in Sherman Oaks, California). Two factors favor not transferring (expense to the parties and location of counsel) and the rest are neutral. Defendants have thus not met their burden under Rule 21(b) to show that a trial in the Central District of California would be materially more convenient for the parties and witnesses and best serve the interests of justice than a trial here in Miami. *See Weaver*, 2013 WL 12438331, at \*8-12 (granting transfer when five factors favored transfer and the rest were neutral).

Accordingly, the motion for reconsideration is **GRANTED in part**. Having considered the new evidence of Acevedo's current location at FDC Miami, the Court **VACATES** the R&R and this Order incorporates an Amended Report and Recommendation that recommends that the [D.E. 245] motion to change venue should be **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the Government's motion for reconsideration is **GRANTED in part**. Having considered the new evidence of Acevedo's current location at FDC Miami, the Court **VACATES** [D.E. 257] the R&R and this Order incorporates an Amended Report and Recommendation that recommends that the [D.E. 245] motion to change venue should be **DENIED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Amended Report and Recommendation within

which to file written objections, if any, with the District Judge.   Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Amended Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Amended Report.   28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND ORDERED AND SUBMITTED** in Chambers at Miami, Florida this 25th day of May, 2021..

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge