UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-20178-CR-ALTONAGA(s)(s)

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**DANE ROSEMAN**,

    Defendant.

_____/

**DANE ROSEMAN'S SENTENCING MEMORANDUM**

Dane Roseman, through the undersigned counsel, respectfully submits this sentencing memorandum.

**INTRODUCTION**

Pursuant to the plea agreement, Mr. Roseman jointly recommends with the Government that the Court sentence him to a term of 60 months of imprisonment.

In support of this recommendation, Mr. Roseman requests that the Court consider, in addition to the factors under 18 U.S.C. § 3553(a) ("3553(a) Factors"), that he: (1) has accepted full responsibility for his conduct described in the Stipulated Factual Proffer; (2); was unaware of Defendant Robert Shapiro's Ponzi scheme; (3) has agreed to full restitution and forfeiture of his house; (4) has offered to be barred by the U.S. Securities and Exchange Commission; and (5) has requested drug treatment.

Above all, Mr. Roseman is sincerely remorseful to the victims. He agreed with the Government to pay victims full restitution, which at age 38, he will be obligated to do for the rest of his life.

## ACCEPTANCE OF RESPONSIBILITY

Mr. Roseman has accepted full responsibility for his misconduct both as part of his guilty plea and the presentence investigation process. By doing so, at a minimum, he has saved substantial time and resources for jurors, the Court, witnesses, the U.S. Attorney's Office, and the FBI and IRS. Conservatively, Mr. Roseman's acceptance of responsibility has collectively saved these entities and individuals hundreds of thousands of dollars in costs and lost time from family, friends, work, other cases, and ongoing investigations.

## NO KNOWLEDGE OF SHAPIRO'S PONZI SCHEME

Mr. Roseman neither justifies nor in any way minimizes his misconduct. However, in evaluating the parties' recommendation and the totality of the circumstances, the Court should also consider that Mr. Roseman had no knowledge of Robert Shapiro's Ponzi scheme. As the Government agreed in the Stipulated Factual Proffer supporting Mr. Roseman's plea:

> SHAPIRO compartmentalized Woodbridge operations to restrict access to information concerning Woodbridge's finances. SHAPIRO and only one other employee had access to Woodbridge's bank and financial information, including information concerning cash inflows and outflows. ROSEMAN neither had access to Woodbridge's accounts or financials nor any knowledge of the inflows or outflows of Woodbridge investor funds. **Thus, ROSEMAN did not have knowledge that SHAPIRO was operating a Ponzi scheme by using new Woodbridge investor money to pay prior investors.**

(DE 289 at *4) (emphasis added). As the Stipulated Factual Proffer also provides, Mr. Roseman was paid "commissions" and his total compensation over the course of the 5-year conspiracy was "$2.5 million." (*Id*. at *4-5). In comparison, Robert Shapiro, "misappropriated at least approximately $25 million to $95 million in Woodbridge investor funds to himself and his family members" because he controlled the finances and operated the Ponzi scheme. (DE 140 at *6).

## AGREED TO FULL RESTITUTION AND TO FORFEITURE OF HIS HOUSE

Another consideration for the Court in evaluating the parties' recommendation is that Mr. Roseman stipulated and agreed to full restitution, to a forfeiture money judgment, and to forfeit his house. In accordance with his plea agreement, Mr. Roseman provided the Government with a financial affidavit reflecting that besides his house, he has no other substantially valuable assets. Mr. Roseman did not contest forfeiting his house to the Government.

## OFFER TO BE BARRED BY THE SEC

The Court should be aware that through an SEC administrative proceeding, Mr. Roseman has already offered to be barred from: (1) association with any broker, dealer, investment adviser, municipal securities dealer, transfer agent, of nationally recognized statistical rating organization; and (2) participating in any offering of a penny stock, including: acting as a promoter, finder, consultant, agent or other person who engages in activist with a broker, dealer, or issuer for purposes of the issuance of trading in any penny stock, or inducing or attempting to induce the purchase or sale of any penny stock.

Further, in *SEC v. Roseman*, Case No. 19-CV-21380-MORENO, which is currently stayed, Mr. Roseman also intends to resolve his case with the SEC in District Court. Mr. Roseman intends to consent to the entry of a permanent injunction prohibiting him from violating the anti-fraud provisions of the federal securities laws in the future. As the Court is aware, once Mr. Roseman consents to such relief and the Court enjoins him, he could be subject to both civil and criminal contempt if he disobeys such an order. This also supports the parties' recommendation.

## **REQUEST FOR DRUG TREATMENT**

While the undersigned counsel will be prepared to address the 3553(a) Factors during Mr. Roseman's sentencing hearing, Mr. Roseman requests that the Court specifically consider his need and request for substance abuse treatment. Unfortunately, Mr. Roseman's father introduced him to drugs by age 14. For more specific details concerning Mr. Roseman's drug use, the undersigned counsel directs the Court's attention to paragraphs 120 through 128 of his Presentence Investigative Report ("PSR"). Mr. Roseman continued to regularly use drugs until his arrest. While he has remained sober to adhere to his bond conditions, Mr. Roseman requests that the Court recommend him for the Bureau of Prison's Residential Drug Abuse Program ("RDAP") to assist him in staying sober after he serves his sentence.

## **CONCLUSION**

For the reasons above, Mr. Roseman requests that the Court accept the parties' joint sentencing recommendation.

Date:  September 15, 2021               Respectfully submitted,

/s/Jeffrey L. Cox
**Jeffrey L. Cox, Esq.**
Florida Bar No. 0173479
SALLAH ASTARITA & COX, LLC
3010 North Military Trail, Ste. 210
Boca Raton, Florida 33431
Tel: (561) 989-9080
Email: jlc@sallahlaw.com

/s/Samuel A. Stern
**Samuel A. Stern, Esq.**
Florida Bar No. 51602
Stern LLC, 600 Brickell Avenue, Suite 1715
Miami, FL 33131
Tel: (305) 434-2269
Email: samuel.stern@thesternlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of September 2021, I electronically filed the foregoing document with the Clerk using CM/ECF. I also certify that the foregoing is being served this day upon all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

/s/ Jeffrey L. Cox
Jeffrey L. Cox

**SERVICE LIST**

**VIA CM/ECF ONLY**

Assistant United States Attorney Roger Cruz
U.S. Attorney's Office
99 NE 4th Street
Miami, FL 33132
Roger.cruz@usdoj.gov

**VIA EMAIL ONLY**

Michael C. Soto
United States Probation Officer
400 North Miami Ave., 9th Floor South
Miami, FL 33128
michael_soto@flsp.uscourts.gov